# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUN XIE, et al.,<br>　　Plaintiffs,<br><br>　　　　　v.<br><br>FCA US, LLC, et al.,<br>　　Defendants. | CV 20-2060 DSF (PVCx)<br><br>Order REMANDING Case to State Court[1] |

　　This case was removed on the basis of diversity. It is undisputed that one of the Defendants, Hanlees Chrysler Dodge Jeep Ram Kia ("Hanlees"),[2] is not diverse from Plaintiff. Removing Defendant FCA US, LLC argues that Hanlees is fraudulently joined.

　　A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for

---

[1] The Court is aware that a motion to remand has been filed. This remand is sua sponte; the Court has not reviewed the motion to remand and does not rely on it in any way. The Court has remanded, sua sponte, several other cases removed by FCA in recent weeks based on similar or identical allegations.

[2] The non-diverse defendant is named in the complaint as "Hanless," but the notice of removal names it as "Hanlees" and Hanlees appears to be the correct name.

failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

The entirety of Defendant's fraudulent joinder argument is as follows:

> 27. Here, Plaintiffs have sued FCA for six causes of action except the seventh cause of action for "Negligent Repair" which is claimed only against Shaver. [sic] FCA US believes Plaintiffs have no intention of prosecuting this claim against Hanlees. Indeed, a review of the Complaint's allegations regarding Hanlees are bare-boned, non-specific allegations. (Compl., generally and ¶¶ 58-62.)
>
> 28. Accordingly, it is evident these claims were only brought to defeat the claim of diversity and removal to Federal Court. Indeed, FCA US's counsel's litigation experience in opposing these type of cases has been that individual dealerships have not been regularly sued. Because Plaintiffs' joinder of Hanlees is fraudulent, this Court has the jurisdiction for this additional independent reason to accept this matter. Accordingly, complete diversity exists for purposes of 28 U.S.C. §1332 jurisdiction.

This does not come close to convincing the Court that Plaintiff fails to state a claim against Hanlees, let alone that the failure is obvious and cannot be cured by amendment.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: April 3, 2020

_____
Dale S. Fischer
United States District Judge